**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALEXIS FERNANDO BARRADAS-JACOME,** | : | **CIVIL ACTION NO. 1:21-CV-1885** |
| | : | |
| | : | **(Judge Conner)** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN CRAIG A LOWE,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case brought under 28 U.S.C. § 2241 in which petitioner Alexis Fernando Barradas-Jacome, an immigration detainee currently detained in the Pike County Correctional Facility, asserts that his detention has become unreasonably prolonged in violation of the Due Process Clause. We conclude that Barradas-Jacome's detention is governed by 8 U.S.C. § 1226(c). We further conclude that Barradas-Jacome's detention under that statute does not violate the Due Process Clause and will deny the petition for writ of habeas corpus without prejudice on that basis.

## I. Factual Background & Procedural History

Barradas-Jacome is a native and citizen of Mexico who entered the United States on June 24, 2004 on a visitor visa. (Doc. 5-1 at 3). He subsequently overstayed his visa without permission. (Id. at 6). Barradas-Jacome was granted relief under the Deferred Action for Childhood Arrivals ("DACA") program on October 11, 2013, but his DACA status expired on August 26, 2017 and has not been renewed. (Id. at 6, 8).

On December 13, 2019, Barradas-Jacome was convicted of receiving stolen property in violation of 18 Pa.C.S. § 3925 in the Northampton County Court of Common Pleas. (Id. at 3). He was sentenced to a term of imprisonment of twelve to twenty-four months. (Id.) On January 16, 2020, the Department of Homeland Security ("DHS") issued a notice of intent to issue a Final Administrative Removal Order ("FARO") against Barradas-Jacome based on his conviction for receiving stolen property. (Id.)

The notice of intent issued by DHS triggered expedited removal proceedings against Barradas-Jacome pursuant to 8 U.S.C. § 1228, which allows the government to expedite removal proceedings against aliens who commit aggravated felonies. An alien who receives such a notice has ten calendar days to file a response to the notice. 8 C.F.R. § 238.1(c). Barradas-Jacome did not respond to the notice issued under 8 U.S.C. § 1228 within the required ten days, which prompted DHS to issue a FARO on February 4, 2020. (Doc. 5-1 at 9).

Barradas-Jacome was paroled from state custody on June 10, 2020 and was immediately taken into custody by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1 at 2). In June 2020, Barradas-Jacome expressed fear of persecution or torture, which halted his removal from the United States. (Doc. 5-1 at 10). His claim was referred to an immigration judge ("IJ"), who ruled on July 2, 2020 that Barradas-Jacome had not established a reasonable probability that he would be tortured or persecuted if he were removed to Mexico. (Id. at 12). Barradas-Jacome appealed to the United States Court of Appeals for the Third Circuit. See Barradas-Jacome v. Att'y Gen. U.S., No. 20-2439 (3d Cir. filed July 13,

2020). The Third Circuit granted a temporary stay of Barradas-Jacome's removal, and the case remains pending before that court. Id.

On May 7, 2021, Barradas-Jacome filed a motion for custody redetermination. (Doc. 5-1 at 16). An IJ subsequently conducted a bond hearing on May 12, 2021 and denied Barradas-Jacome's request for custody redetermination, concluding that ICE had established that Barradas-Jacome posed a danger to the community and was a risk of flight. (Id. at 25-31). He appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on September 30, 2021. (Id. at 32-37).

Barradas-Jacome filed the instant petition on November 5, 2021. (Doc. 1). He contends that his continued detention violates the Due Process Clause of the Fifth Amendment. (Id.) Respondent responded to the petition on November 29, 2021. (Doc. 5). Respondent contends that Barradas-Jacome's detention is governed by 8 U.S.C. § 1231, which governs the detention of aliens who have been issued a final order of removal, because the FARO issued against Barradas-Jacome constitutes a final order of removal. (Id.) Respondent argues that Barradas-Jacome's continued detention under § 1231 does not violate the Due Process Clause. (Id.) Barradas-Jacome filed a reply brief in support of his petition on December 20, 2021, making the petition ripe for the court's disposition. (Doc. 6).

## II. Discussion

### A. Petitioner's Detention Is Governed by 8 U.S.C. § 1226(c)

Our first task in reviewing Barradas-Jacome's petition is to determine the statutory provision that governs his detention. Respondent contends that Barradas-Jacome's detention is governed by 8 U.S.C. § 1231 because he has been

issued a final order of removal under the procedures set forth in 8 U.S.C. § 1228. (Doc. 5 at 4-10).

Respondent is mistaken. Petitioners who have been granted temporary stays of removal are detained pursuant to 8 U.S.C. § 1226 rather than § 1231. Leslie v. Att'y Gen. of U.S., 678 F.3d 265, 270 (3d Cir. 2012), *abrogated in nonrelevant part by* Jennings v. Rodriguez, 583 U.S. __, 138 S. Ct. 830, 847 (2018), *as recognized in* Guerrero-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 220 (3d Cir. 2018). Barradas-Jacome's detention is therefore governed by § 1226 rather than § 1231, and, because he has been convicted of an aggravated felony, it is governed by the more specific provisions of 8 U.S.C. § 1226(c). See 8 U.S.C. § 1226(c)(1)(B).

**B. Petitioner's Detention Does Not Violate the Due Process Clause**

Section 1226(c) does not by its terms limit the length of time that the government may detain aliens awaiting removal. Jennings, 138 S. Ct. at 846. But petitioners may nonetheless bring as-applied constitutional challenges if their continued detention under § 1226(c) has become unreasonably prolonged under the Due Process Clause of the Fifth Amendment. Santos v. Warden Pike Cty. Corr. Facility, 965 F.3d 203, 208-09 (3d Cir. 2020).

When considering the constitutionality of a petitioner's detention, "[t]he most important factor is the duration of detention." Id. at 211. The court, however, must also consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of

confinement are 'meaningfully different' from criminal punishment." Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 478 (3d Cir. 2015)).

Having reviewed Barradas-Jacome's petition in light of the above standard, we find that he is not entitled to habeas corpus relief at this time. Assuming, *arguendo*, that petitioners detained under § 1226(c) who have already received a bond hearing may be entitled to a second bond hearing when they have been detained for an unreasonably prolonged period of time after the first bond hearing,[1] Barradas-Jacome is still not entitled to relief because he has not shown that his continued detention since his May 12, 2021 bond hearing is unconstitutional.

The most important factor weighing against Barradas-Jacome's claim for habeas corpus relief is the duration of his detention since his last bond hearing. Barradas-Jacome has been detained for approximately eight months since the bond hearing. Several decisions in this district have recently upheld detentions for similar durations as constitutional. See, e.g., Sydykov v. ICE, No. 1:21-CV-575, 2021

---

[1] See Diop v. ICE/Homeland Security, 656 F.3d 221, 232 (3d Cir. 2011) (noting that a detainee's continued detention "might still violate the Due Process Clause" even if the alien has been given "an initial hearing" if his continued detention becomes "unreasonable or unjustified" (citing Demore v. Kim, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring))), *abrogated in nonrelevant part by* Jennings, 138 S. Ct. at 847, *as recognized in* Guerrero-Sanchez, 905 F.3d at 220; Foster v. Att'y Gen. U.S., 532 F. App'x 112, 114 (3d Cir. 2013) (declining to decide whether petitioner's first bond hearing conducted in § 1226(c) detention "effectively afforded him" habeas corpus relief). But see Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 279 n. 4 (3d Cir. 2018) (speculating in dicta that the foregoing language in Diop might only apply when the initial hearing afforded to the petitioner was a Joseph hearing—that is, a discretionary hearing given to a petitioner at the beginning of removal proceedings to determine whether the petitioner is properly detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c)—and not when the petitioner has previously been afforded a bond hearing).

WL 2222732, at *2 (M.D. Pa. June 2, 2021) (concluding that detention for nine months did not violate due process); Gabriel v. Barr, No. 1:20-CV-1054, 2021 WL 268996, at *3 (M.D. Pa. Jan. 27, 2021) (concluding that detention for period of "ten to eleven months" after petitioner had been afforded a bond hearing did not violate due process); Acevedo v. Decker, No. 1:20-CV-1679, 2021 WL 120473, at *4 (M.D. Pa. Jan. 13, 2021) (concluding that detention under § 1226(c) for "approximately nine months" was constitutional).

The likelihood of continued detention weighs slightly in favor of granting habeas corpus relief. Barradas-Jacome has an appeal pending before the Third Circuit in his underlying removal proceedings, and his removal has been stayed pending the appeal. Barradas-Jacome will thus remain in detention at least until the Third Circuit resolves the appeal. See Santos, 965 F.3d at 212 (concluding that likelihood of continued detention weighed in favor of habeas corpus relief where petitioner had filed appeal to BIA in removal proceedings and would thus "stay in prison as long as it takes the Board to issue its decision"). But his appeal has been pending for approximately 19 months and, based upon the undersigned's familiarity with the court of appeals' average time for disposition of such matters, it is likely that a decision will be forthcoming in the near future.

The reasons for the delay do not weigh one way or the other. It appears from the record that the delays in the underlying removal proceeding are largely due to Barradas-Jacome's appeals of IJ and BIA decisions, but a petitioner should not be punished for pursuing good faith challenges to the government's removal case against him. See id. (citing Chavez-Alvarez, 783 F.3d at 476-77).

Finally, the conditions of Barradas-Jacome's detention weigh in favor of habeas corpus relief. Barradas-Jacome is detained in the same facility as the petitioner in Santos, where the court concluded that "despite its civil label," the petitioner's detention was "indistinguishable from criminal punishment," see id. at 213, and respondent has not offered any evidence that would support the court reaching a contrary conclusion in this case.

Taking the above factors and the other circumstances of Barradas-Jacome's detention into consideration, we conclude that Barradas-Jacome is not entitled to habeas corpus relief at this time. As the Third Circuit noted in Santos, the duration of a petitioner's detention is the "most important" factor in determining whether a petitioner's continued detention under § 1226(c) violates the Due Process Clause. The eight-month duration of Barradas-Jacome's detention does not support habeas corpus relief, and we find that the other factors of his detention do not outweigh that factor.

## III. Conclusion

We will deny the petition for writ of habeas corpus without prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: January 26, 2022